IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IOWA CREDIT UNION LEAGUE, et al.,

  *Plaintiffs*,

 vs.

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
 in its capacity as liquidating agent
 for U.S. Central Federal Credit Union,

  *Defendant*.

Case No. 23-2255-EFM

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiffs' Motion to file a sur-reply to Defendant's Reply (Doc 17). Plaintiffs claim that Defendant has presented new arguments and factual details for the first time in its Reply. As such, they request an opportunity to respond to the new material.

  First, D. Kan. Rule 7.1(c) limits briefings to the motion (with memorandum in support), the response, and the reply. Sur-replies are not typically allowed.[1] Second, even in cases that may involve good cause for permitting a sur-reply, courts have more than one option. Plaintiff correctly states that the Court should give Plaintiff the opportunity to respond if the Court relies on Defendant's newly presented material.[2] However, the Court can alternatively elect to do nothing with those new materials.[3]

---

[1] *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x. 752 (10th Cir. 2006).

[2] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 906 (D. Kan. 2021).

[3] *Id.*

This Court chooses the latter route, and accordingly will "not consider arguments raised for the first time in [Defendant's] reply brief."[4] Thus, to the extent Defendant raised new arguments within its Reply, they will not be considered by the Court. As such, further briefing is unnecessary.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to File a Sur-Reply (Doc. 17) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 6th day of October, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *H&C Animal Health, LLC v. Ceva Animal Health, LLC*, 499 F. Supp. 3d 920, 935 (D. Kan. 2020).